IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| INTEGRATED BROADBAND SERVICES, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Ms. Rehema Gore ("Gore"), who was adversely affected by such practices. The Commission alleges that Defendant terminated Ms. Gore from her position as a Network Operations Center Analyst because of her race, black, and national origin, Tanzanian (non-American) in violation of Title VII.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Integrated Broadband Services ("Defendant") has continuously been doing business in the State of Georgia and the City of Kennesaw and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## **STATEMENT OF CLAIMS**

6.  More than 30 days prior to the institution of this lawsuit, Ms. Gore filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least November 21, 2008, Defendant has engaged in unlawful employment practices at its Kennesaw, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(1) and (3), by terminating Ms. Gore because of her race, black, and national origin, non-American (Tanzanian) in violation of Title VII.

8.  On or about July 21, 2008, Defendant hired Ms. Gore as a Network Operations Center Analyst. Ms. Gore assigned to work the 11p.m. to 8a.m. shift at the Respondent's Corporate Headquarters in Kennesaw, Georgia. Ms. Gore reported to Austin Phillips ("Phillips"), Supervisor of the Network Operations Center.

9.  On November 19, 2008, Phillips told Gore to report to Respondent's Operations Center in Cartersville, GA, because of a network crisis. This facility was 60 miles from Ms. Gore's house.

10. On or around 11 p.m., Ms. Gore reported to the Cartersville location

and began working her shift with another Analyst. Sometime after 7:00 a.m., after the two Analysts working the morning shift had arrived and after it was clear that everything at the facility was stabilized and under control, Ms. Gore left work 30 minutes early in order to beat morning rush hour traffic.

11. The next day, Phillips contacted Ms. Gore and told her not to report to work that evening. The following morning, Phillips terminated Ms. Gore, the stated reasons being insubordination and job abandonment due to leaving work early.

12. Phillips also informed witnesses that another reason he had to let Ms. Gore go was because her "green card" was expiring.

13. In October 2008, a month before Ms. Gore was terminated, a white American Network Operations Center Analyst left work two hours early on two separate occasions during the course of a week when there was a network emergency. His reason for leaving each time was that he was tired. Phillips did not, however, terminate him. He chose to give him written discipline.

14. The effects of the practices complained of in paragraphs 7-13 above have been to deprive Ms. Gore of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, black, and national origin, non-American (Tanzanian).

15. The unlawful employment practices complained of in paragraphs 7-13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 7-13 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Gore.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Gore, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.   Order Defendant to make Ms. Gore whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.   Order Defendant to make Ms. Gore whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Ms. Gore punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                        Respectfully submitted,

                                        P. David Lopez
                                        General Counsel

                                        James L. Lee
                                        Deputy General Counsel

                                        Gwendolyn Young Reams
                                        Associate General Counsel

9/28/10
Date

                                        Robert K. Dawkins
                                        Regional Attorney
                                        Georgia Bar No. 076206
                                        robert.dawkins@eeoc.gov

                                        Ottrell Ferrell Edwards
                                        Trial Attorney
                                        Georgia Bar No. 141979
                                        ottrell.edwards@eeoc.gov

                                        U.S. Equal Employment Opportunity Commission
                                        Atlanta District Office
                                        100 Alabama St., SW, Suite 4R30
                                        Atlanta, Georgia 30303
                                        Telephone: (404) 562-6818